UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>D. GONZALES, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00822-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ORDER ASSIGNING THIS CASE TO A DISTRICT JUDGE |

Plaintiff Kareem J. Howell is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges that defendants Gonzales and Phun failed to protect him from a prison fire in violation of the Eighth Amendment. Plaintiff also alleges that defendant Baker failed to deliver on a promise to obtain a medical check-up for plaintiff and to speak with defendants Gonzales and Phun about their responses to the fire. On October 10, we screened plaintiff's complaint. ECF No. 9. We found that plaintiff stated an Eighth Amendment claim against defendants Gonzales and Phun, but no claim against defendant Baker. The screening order gave plaintiff thirty days to choose between (1) proceeding only on the claims found cognizable and voluntarily dismissing defendant Baker, (2) amending the complaint to add facts in an attempt to make out additional claims or claims against additional

1

defendants, or (3) standing on the current complaint subject to dismissal of claims and defendants consistent with this order. Plaintiff has not responded to the screening order. We will thus recommend that the non-cognizable claims be dismissed and order that this case be assigned to a district judge to review this recommendation.

The analysis below substantially repeats that of the screening order, ECF No. 9.

**SCREENING AND PLEADING REQUIREMENTS**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

**DISCUSSION**

*Threshold Requirements of 42 U.S.C. § 1983*

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The defendants here are all state prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). However, plaintiff has failed to satisfy the causation requirement with respect to defendant Baker. Plaintiff alleges only that Baker promised plaintiff that he would be "checked out thoroughly" by prison medical staff and that Baker would speak to defendants Gonzales and Phun about their response to the fire. *See* ECF No. 1 at 6. Plaintiff says that neither of these things happened. *Id.* While plaintiff may be understandably frustrated by Baker's alleged actions, those actions do not amount to personal involvement in the alleged deprivation and do not establish a sufficient causal connection to that deprivation.

The remaining question is whether the alleged actions of defendants Gonzales and Phun violated federal law.

*Eighth Amendment Deliberate Indifference*

Prison officials have a duty to take reasonable steps to protect inmates. Officials violate that duty when they are "deliberately indifferent" to "serious" threats to the inmate's safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, plaintiff has alleged that defendants Gonzales and

3

Phun violated this duty. Plaintiff alleges that, during a prison fire, Gonzales and Phun "both stood still, and taunted [plaintiff] with laughter" while his cell filled with smoke—smoke that caused plaintiff to pass out and left him with chest pain. ECF No. 1 at 6. These allegations are sufficient to state an Eighth Amendment claim.

**FINDINGS AND RECOMMENDATIONS**

We find that plaintiff has stated an Eighth Amendment claim against defendants Gonzales and Phun, but no other claims. We thus recommend that the action proceed only on the Eighth Amendment claims against Gonzales and Phun, and that all other claims and defendants be dismissed.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

 **ORDER**

We order that the clerk of court assign this case to a district judge to review the findings and recommendations.

IT IS SO ORDERED.

Dated:    February 3, 2020    

UNITED STATES MAGISTRATE JUDGE

No. 205.

4